LIVERMORE, Appellant, *vs.* LEONARD, Respondent.

1. A., claiming an equitable title to land, files a bill in chancery against B., who holds the legal title. *Held,* B. may set up in defence a prior equity in C., and is not estopped from so doing, by a written agreement of compromise between him and C., in which it is recited that "B. is satisfied he has an indefeasible title to the land and C. acknowledges he has no just claim to it."

*Appeal from Clinton Circuit Court.*

*Vories* and *Loan*, for appellant.

The courts in this state will interfere in relation to the title to land which has been granted by the sovereign authority. *Bird et al.* v. *Ward & Cravens*, 1 Mo. Rep. 281. *Stephenson* v. *Smith*, 7 Mo. 610. *Groom* v. *Hill*, 9 Mo. 323. *Ott* v. *Soulard*, 9 Mo. 581. *O'Hanlon* v. *Perry*, 9 Mo. 804. *Pettigrew* v. *Shirley*, 9 Mo. 683. *Allison* v. *Hunter*, 9 Mo. 749. *Huntsucker* v. *Clark*, 12 Mo. 333. *McNitt* v. *Logan*, Littell's Select Cases, 61. *Johnson* v. *Gresham*, 5 Dana's Rep. 542. *Harrison* v. *Woodruff*, 6 ib. 188. *Bohannon* v. *Pace*, ib. 194. *Derrington* v. *Goodman*, 8 ib. 174.

A preëmption right to state land cannot, under the laws of this state, be sold under execution. *Bower* v. *Higbee*, 9 Mo. 260. *Paulding et al.* v. *Grimsley*, 10 Mo. 210. 1 Scam. Rep. 314. 4 Blackf. Rep. 286. Also, the 3d, 9th and 10th sections of the 96th chapter of the Rev. Code of 1845.

A judgment by confession before a justice, on any other than a regular law day, is void. 12 Mo. 581.

The title bond executed by Townsend to Busby did not vest in Busby any interest in the land in controversy, he not having paid Townsend the consideration therefor or any part thereof. *Bartlett* v. *Glascock et al.* 4 Mo. 68. *Broadwell & Dyer* v. *Yantis*, 10 Mo. 399. *Bogart* v. *Perry et al.* 1 J. C. R. 354. *Modisett* v. *Johnson*, 2 Blackf. 438.

Leonard is estopped from setting up any equity he may have acquired by his compromise with Busby, by reason of his fraud in obtaining it.

*S. L. Leonard*, for respondent.

The courts have no jurisdiction. The land office has exclusive jurisdiction to try, *first*, the question of settlement; *second*, the question of transfer. R. S. 679, 680, secs. 13, 10, 12, 14, 15. 9 Mo. 188–9. 12 Mo. 337. 3 How. 761–2. The complainant ought to have notified defendant of the trial before the register and receiver. R. S. 671, sec. 9, and instructions of general land office. The courts take jurisdiction of frauds and trusts, but neither is alleged in this case. *Stephenson* v. *Smith*, 7 Mo. 610.

A state preëmption is saleable on execution. In Illinois, it has been expressly decided that preëmptions under the United States are saleable, except when prohibited by law. *Delaunay* v. *Burnett*, 4 Gilman, 492. *Turney* v. *Saunders*, 4 Scam. 531–2. *French* v. *Carr*, 2 Gilman, 664.

In Alabama, they have decided that an Indian reservation prior to the issue of the patent, is saleable. 10 Ala. 623.

In New York, under a statute less broad than ours, they have decided that one in possession of land, under a contract of purchase, has an interest saleable on execution. *Jackson* v. *Scott*, 18 John. 94. *Jackson* v. *Parker*, 9 Cow. 73. The New York statute makes only legal interest liable. The Supreme Court of the United States has decided that it is not the less a contract because the state is a party. *Huidekoper* v. *Douglass*, 3 Cranch, 1.

An order of survey and putting the party in possession in Upper Louisiana, is property capable of being alienated and subjected to debts. 9 Peters, 145. Cites further, 2 Story's Eq. sec. 790. 12 Mo. 238. R. S. tit. Execution, secs. 14, 65–6. *Jackson* v. *Tuttle*, 9 Cow. 233. *Laughlin* v. *Stone*, 5 Mo. 43. 8 Mo. 200. *Jackson* v. *Graham*, 3 Caine's Rep. 188. *Jackson* v. *Bush*, 10 John. 233. *Jackson* v. *Stewart*, 6 John. 34. *Jackson* v. *De Walts*, 7 John. 157. *Jackson* v. *Henry*, 10 John. 192. *Jackson* v. *Jones*, 9 Cow. 182. *Page* v. *Hill*, 11 Mo. 149. *Macklot* v. *Dubreuil*, 9 Mo. 484. The sheriff acts as defendant's attorney, and where the defendant can sell the sheriff can. 3 Wash. C. C. 546.

United States preëmptions are not saleable on execution, because the United States laws limit them to the actual settler, and prohibit all transfers; but state preëmptions are unrestricted in their sale. The judgment was not void for the reason that it was not confessed on a law day. At all events, being good on its face, it cannot be impeached collaterally by oral testimony. 5 Mo. 233.

The defendant has the legal title, and equity will not divest him of it unless in favor of a superior equity. In this case, defendant has the superior equity. The purchaser under the judgment of a creditor is regarded as a creditor. *Pepper* v. *Carter & Minor*, 11 Mo. 540. 3 Johns. Ch. R. 275. 5 Mo. 507.

GAMBLE, Judge, delivered the opinion of the court.

This was a bill in chancery, filed by Livermore, claiming to be the owner of the equitable title to a tract of land, against Leonard, who holds the legal title by a patent from the state.

One Townsend was entitled to a preëmption, and sold his interest or right to Busby, and gave a bond to convey the land upon the payment of the purchase money. Two days after the sale, Townsend proved his right of preëmption before the state register and receiver, and obtained the certificate of his having the right of preëmption, under the act of the legislature, Rev. Code, 683, sec. 3. After the sale to Busby, Townsend con-

tinued in possession of the land, as tenant of Busby. Townsend having, after the sale to Busby, confessed a judgment before a justice of the peace, in favor of one Samuel, a transcript of the judgment was filed in the clerk's office of the Circuit Court, and an execution was issued by the clerk, upon which Townsend's interest in the land was sold, and Leonard, the defendant, became the purchaser, and received a sheriff's deed therefor. Leonard, claiming to be the assignee of Townsend's preëmption right, by virtue of the sheriff's deed, paid up the purchase money of the land, and obtained a patent in his own name. After these sales, Townsend, being in possession of the certificate of the right of preëmption, which had been issued to him by the register and receiver, and being utterly insolvent, assigned the certificate to the plaintiff, Livermore, in consideration of the surrender of a note for some fifty dollars, which Townsend owed to Livermore and another person, his partner in a store. When Livermore took the assignment, he knew of the sale to Leonard by the sheriff, and knew of the previous sale to Busby.

Leonard, after he obtained the patent from the governor, made a compromise with Busby, by which Busby agreed not to disturb him in his right to the land.

When we examine our state preëmption law, we find an express provision that preëmption rights shall be assignable. Rev. Code, 680, sec. 13. It sufficiently appears that Busby was the first purchaser of Townsend's right, and that too, for a large consideration ; and that, under his purchase, he had possession of the land. The present complainant admits, in his answer to interrogatories filed by defendant, " that he had heard of the trade between Townsend and Busby, when he took the assignment from Townsend.

1. It is difficult to perceive upon what ground the present complainant can claim, that Leonard holds the legal title in trust for him. Busby was the owner of the prior equity, and if any person had a right to claim the legal estate from Leonard, it was Busby, as the owner of that equity. In order to avoid the effect of this clear and well understood principle of

equity, the complainant insists that, as in the written agreement of compromise between Leonard and Busby, it is asserted that "Leonard is satisfied that he has an indefeasible title to the land, and Busby acknowledges he has no just claim for the north-east quarter of section thirty-three," (the land now in dispute,) therefore Leonard is estopped from asserting that Busby was the owner of the better and prior equity. The effect claimed for this estoppel is to give the title back from Busby to Townsend; whereas, the design of the language was to acknowledge Leonard's title to the land. The instrument commences with the statement that both claim the land, and proceeds to state Leonard's opinion of his title, and then the terms of the compromise by which Leonard had conveyed to Busby another tract of land, in consideration of the money he had paid originally for it, and then follows the acknowledgment by Busby, that he had no valid claim to the land now in controversy, and would not molest Leonard in the enjoyment of it. This language, taken with the context, is the acknowledgment of Leonard's title to the land, and cannot prevent him from using Busby's title against the present complainant.

Many questions were discussed in relation to Leonard's purchase at sheriff's sale, which will not be here considered, because the view before expressed covers the entire merits of the complainant's title.

The decree dismissing the bill is, with the concurrence of the other Judges, affirmed.